## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ELIZABETH HATFIELD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 10-CV-2556 SAC/KGS |
| ) | |
| **STELLAR RECOVERY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### COMPLAINT

NOW COMES the Plaintiff, ELIZABETH HATFIELD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, STELLAR RECOVERY, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ELIZABETH HATFIELD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mission, County of Johnson, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Best Buy.

1

6. The debt that Plaintiff allegedly owed Best Buy was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. STELLAR RECOVERY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Montana.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. On or about August 30, 2010, Defendant initiated a telephone call to Plaintiff's residence and left a voicemail message for Plaintiff.

15. Plaintiff's outgoing voicemail message does not identify Plaintiff by name such that any caller could reasonably conclude that only Plaintiff will be listening to voicemail messages.

16. During the course of the aforementioned voicemail message, Defendant disclosed that it was a debt collector.

17. During the course of the aforementioned voicemail message, Defendant stated that it was calling Plaintiff regarding a debt she owed.

18. Plaintiff's children heard the contents of the aforementioned voicemail message.

19. Again on about August 31, 2010, Defendant initiated a telephone call to Plaintiff's residence and left a voicemail message for Plaintiff.

20. During the course of the aforementioned voicemail messages, Defendant again disclosed that it was a debt collector.

21. Defendant again stated that it was calling Plaintiff regarding a debt she owed.

22. Plaintiff's children heard the contents of the aforementioned voicemail message.

23. Plaintiff did not consent to Defendant contacting third parties.

24. On or about August 30, 2010, Plaintiff also received a telephone call from Robyn, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to Best Buy.

25. On or about August 31, 2010, Plaintiff also received a telephone call from Nadine, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to Best Buy.

26. Plaintiff told Defendant that she wanted to set up a payment plan with Defendant so that she could start to pay the debt she allegedly owed.

27. Plaintiff offered to pay fifty dollars ($50.00) a month to Defendant towards the debt she allegedly owed.

28. Defendant then told Plaintiff that if she did not pay the debt she owed in full then Defendant could "take [Plaintiff's] home."

29. Defendant further stated that it could garnish Plaintiff's wages if she did not pay the debt.

30. Then Defendant informed Plaintiff that a lawsuit was pending against Plaintiff in relation to the debt on which it was attempting to collect.

31. At the time Defendant made the aforementioned representation that a lawsuit was pending against Plaintiff, upon information and belief, Defendant had not filed a lawsuit against Plaintiff.

32. Defendant's representation that a lawsuit was pending against Plaintiff was false, deceptive and/or misleading given that, upon information and belief, no lawsuit had been filed against Plaintiff.

33. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

34. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

4

35. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

36. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

37. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

38. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

39. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

40. On or about September 1, 2010, Mrs. Brown, Defendant's duly authorized representative, initiated a telephone call to Plaintiff's cellular telephone and left a voicemail message for Plaintiff.

41. During the course of the aforementioned voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

42. During the aforesaid voicemail message, Defendant stated that it would continue to initiate telephone calls to Plaintiff and leave voicemail messages at Plaintiff's home until Plaintiff returned Defendant's telephone call.

43. Defendant further stated that if Plaintiff did not contact Defendant then Defendant would have to contact Plaintiff's husband regarding the debt.

44. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

45. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed Best Buy.

46. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

47. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

48. From on or about August 30, 2010 through on or about September 1, 2010, a span of three (3) days, Defendant initiated approximately five (5) telephone calls to Plaintiff in an attempt to collect a debt she allegedly owed to Best Buy.

49. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

50. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

51. In its attempts to collect the debt allegedly owed by Plaintiff to Best Buy, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

c. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

i. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

j. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

k. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

l. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

52. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

53. Plaintiff hereby demands a trial by jury on all issues so triable.

54. The Plaintiff, ELIZABETH HATFIELD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH HATFIELD, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ELIZABETH HATFIELD**

By:   s/ Matt Durgin
      Attorney for Plaintiff

Dated: October 14, 2010

Matt Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8505 W. 90th Terrace, Suite 100
Overland Park, KS 66212
Telephone: (913) 908-2313
           (312) 222-9028
Facsimile: (888) 418-1277
E-Mail: mdurgin@smithlaw.us